## HORTON v. SACHS.

(Court of Appeals of District of Columbia. Submitted November 12, 1923. Decided January 7, 1924.)

No. 1559.

Patents ⬤91(4)—In interference proceeding, priority awarded to junior party.

In an interference proceeding relative to an invention concerning a cut-out switch, with which is associated a device arranged for meter testing, held, that priority should be awarded to junior party.

Appeal from the Commissioner of Patents.

Interference proceeding between Bryson D. Horton and Joseph Sachs. From a decision awarding priority to Sachs, Horton appeals. Affirmed.

W. Clyde Jones and J. B. Thiess, both of Chicago, Ill., for appellant.

Harry G. Kimball and Clair W. Fairbank, both of New York City, for appellee.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Presiding Judge of the United States Court of Customs Appeals.

SMYTH, Chief Justice. Bryson D. Horton appeals from a decision of the Commissioner of Patents awarding priority to Joseph Sachs in an interference proceeding relative to an invention concerning a cut-out switch, with which is associated a device arranged for meter testing. The whole device is ordinarily used at a point adjacent to where the wires enter a building to supply electric current thereto. There are 17 counts. Counts 1, 9, and 14 are typical.

1. A meter-testing appliance, comprising a plurality of pairs of contacts, and their co-operating connectors, one of which constitutes a load-controlling switching element, at least one contact of each pair having means electrically connected therewith for the connection thereto of testing means to thus adapt the appliance for meter testing.

9. A plurality of pairs of contacts, a service side connector co-operative with one pair of contacts to open and close connection therebetween, and a load side connector co-operative with another pair of contacts to open and close connection therebetween, the meter coil end contact of the first mentioned pair, and the load end contact of the second mentioned pair having means for the connection therewith of a testing device.

14. A load-controlling switching element and its complemental contacts, one of them constituting a load connectible contact and the other a meter coil connectible contact, the switching element when in the open position electrically freeing the meter coil connectible contact, and a circuit-controlling element connectible on the service side, said second element and the load side connectible contact of the switching element having means whereby current may be by-passed between the two elements.

Horton filed his application in 1913, while Sach's earliest filing date is 1915. A patent embracing the invention was issued to Sachs while Horton's application was pending. The primary examiner held that Horton could not make the claims because he did not disclose the structure expressed by them. On appeal the Examiners in Chief re-

versed his decision as to certain of the claims, and affirmed it as to others. In reversing him they said that generally the language of the claims should be given the broadest meaning consistent with ordinary usage, and that no reason appeared in the case before them for making an exception to this rule. When the matter came to the Examiner of interferences, he found that Sachs had conceived and reduced to practice before Horton conceived, and awarded him priority. Horton appealed again to the Examiners in Chief, who adhered to their previous statement that in an interference proceeding it was the rule that the issue claims should be construed broadly, but that an exception must be made where, as here, the counts are claims of a patent. In such a case, they said, if a broad interpretation would make the counts readable upon the prior art, it should not be adopted, but that a construction should be chosen which would be applicable to the disclosures of the parties, and also free of the prior art. In consonance with this view they held the claims should be given a restricted meaning, and that when this was done Horton could make them; that the exhibits upon which Sachs relied to show priority did not reflect the issue, and hence that Horton should be awarded priority.

In reviewing the decision of the Examiners in Chief, the Assistant Commissioner went into the subject quite thoroughly. He held with the primary examiner, saying in effect that there was no difficulty in reading the counts upon the structure of Horton in the way he suggested without impinging upon the prior art, but that there was no word or term or clause in any of them which supported or furnished any basis whatever for adopting his suggestion, and accordingly he reversed the Examiners in Chief and awarded priority to Sachs.

A careful study of the case has led us to the conclusion that the Commissioner did not err. We are satisfied with his reasoning, and on the strength of it affirm his decision.

Affirmed.